United States District Court
Southern District of Texas
ENTERED
November 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN JEOVANI AMBROSIO GUZMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04519 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Marvin Jeovani Ambrosio Guzman, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention. Doc. No. 1.

The petition and summary judgment evidence reflect that Petitioner entered the United States without inspection, and, therefore, is an applicant for admission under 8 U.S.C. § 1225(b) subject to mandatory detention. *See* Doc. No. 1 at 4; Doc. No. 5-1. The Fifth Circuit's holdings in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026), and *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), foreclose the petitioner's claims for habeas relief on statutory and due process grounds.

Likewise, his arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations, 8 C.F.R. §§ 236.1, 1003.19, 1236.1, are foreclosed by *Buenrostro-Mendez*. In that regard, his claims under the *Accardi* doctrine[1] fail because they rely on a determination that the petitioner is held under 8 U.S.C. § 1226 rather than 8 U.S.C. § 1225, which contravenes the Fifth Circuit's holding in *Buenrostro-Mendez*, *supra*. Therefore, his claims under the *Accardi* doctrine are unavailing.

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents' motion for summary judgment (Doc. No. 5) is **GRANTED**.
2. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
3. All other pending motions, if any, are **DENIED as MOOT**.
4. This case is **DISMISSED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED on this 16th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

[1] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (asserting the principle that agencies are bound to abide by their own regulations or internal procedures).